**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOYD WINFORD LAFEVERS,

      Petitioner-Appellant,

v.

GARY GIBSON, Warden, Oklahoma
State Penitentiary,

      Respondent-Appellee.

No. 00-6079
(D.C. No. CIV-97-281-L)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **PORFILIO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from an order denying a stay of execution by the district court. Loyd Winford LaFevers faces the death penalty currently set for execution at 12:01 AM, March 9, 2000. He sought a stay in the district court so that present counsel could have sufficient time to carry out the duty vested in him by an order of the district court appointing him successor counsel in this case. The stay was denied because the district court believed that relief was beyond its jurisdiction. Because of the unusual facts of this case, we disagree and reverse.

Time is critical here because of the immediacy of the execution date; therefore, our reasoning must be succinctly set forth. We start from the proposition that present counsel was appointed by the district court under the Criminal Justice Act to act as a substitute for Mr. LaFevers' prior counsel who failed to follow through properly on his responsibility to his client. In part, the appointment order stated: "This appointment expressly covers all proceedings set forth in [21 U.S.C.] § 848 including preparation, filing, and presentation of a request for leave to present a successive habeas corpus petition . . . and all other matters concerning Mr. LaFevers' sentence of death."

Without reference to the details, we believe the record now presented to us demonstrates that Mr. LaFevers' counsel proceeded as quickly as circumstances permitted to determine whether DNA evidence existed that would support application for a successive habeas petition. It also appears from the record that on March 3, 2000, counsel was furnished with a report of the analysis of the DNA evidence purporting to

- 2 -

conclusively show the blood on certain trousers was that of Mr. LaFevers' co-defendant and not that of either Mr. LaFevers or the victim of the crime of which he was convicted. That report is significant because at trial the state argued to the jury that a permissible inference existed that the blood was that of the victim and that its presence was evidence that Mr. LaFevers viciously attacked her.

We believe counsel has, for the purpose of this appeal, made a colorable showing of grounds for the granting of leave to file a successive petition. In light of that showing, we believe Due Process requires that he be given ample time to complete the gathering of the evidence necessary for the preparation of such a petition. *See McFarland v. Scott*, 512 U.S. 849 (1994). We point out, however, we reach this conclusion only because the peculiar facts of this case showing the exigent circumstances of the pending execution coupled with evidence showing a reasonable probability Mr. LaFevers would be entitled to present an application for leave to file a successive habeas petition under 28 U.S.C. § 2244(b). At the same time, we make no determination of whether such an application should or will be granted if filed. We are motivated solely by the demonstration of a *reasonable probability* that adequate grounds exist and that time should be granted for the development of the evidence necessary for the preparation of a proper application. Recognizing that any delays encountered in this case since the appointment of successor counsel were not his fault, we believe it unjust to allow Mr. LaFevers to be executed

before counsel has the time to fully pursue a matter that bears on whether his client should be executed in accordance with Constitutional principles.

The judgment of the district court is **REVERSED** and the mandate shall issue **FORTHWITH**. The district court is directed to **IMMEDIATELY** enter an order staying the execution of Mr. LaFevers for a time it shall determine sufficient to allow his counsel to properly prepare an application for leave to file a successive petition for a writ of habeas corpus.

                                   ENTERED FOR THE COURT


                                   John C. Porfilio
                                   Senior Circuit Judge